## LUCAS COUNTY COMMON PLEAS COURT
## CASE DESIGNATION

TO: Bernie Quilter, Clerk of Courts

CASE: G-4801-CI-0201705237-000
JUDGE: Judge JAMES D. BATES

The following type of case is being filed:
**Professional Malpractice**
 ☐ Legal Malpractice (L)
 ☐ Medical Malpractice (M)
**Product Liability (B)**
 ☐
**Other Tort (C)**
 ☐
**Workers' Compensation**
 ☐ State Funded (D)
 ☐ Self Insured (K)

**Administrative Appeal (F)**
 ☐

**Commercial Docket**
 ☐

By submitting the complaint, with the signature of the Attorney, the Attorney affirms that the name of person with settlement authority and his/her direct phone number will be provided upon request to a party or counsel in this matter

**Other Civil**
☐ Consumer Fraud (N)   ☐ Forfeiture
☐ Appropriation (P)   ☐ Court Ordered
☒ Other Civil (H)   Certificate of Title

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to Judge _____, the original Judge at the time of dismissal. The previously filed case number was CI _____.

This case is a Declaratory Judgment case with a personal injury or related case currently pending. The pending case number is _____, assigned to Judge _____.

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or related case. This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review with the Judge who has the companion or related case with the lowest case number. The Judge who would receive the consolidated case may accept or deny consolidation of the case. Both Judges will sign this designation sheet to indicate the action taken. If the Judge with the lowest case number agrees to accept, the reassignment of the case by the Administration Judge shall be processed. If there is a disagreement between the Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number _____ Assigned Judge _____

Approve/Deny _____ Date _____ Approve/Deny _____ Date _____

Attorney
Address   ADRAY & GRNA
    709 Madison Ave., Suite 209
Telephone   P. O. Box 1686
    Toledo, Ohio 43603-1686

EXHIBIT B

ORIGINAL

FILED
LUCAS COUNTY

2017 DEC 28 PM 2:38

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

## IN THE COMMON PLEAS COURT OF LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| **MARC GRANT**<br>3415 S. Detroit<br>Toledo, Oho 43607 | * | Case Number |
| Plaintiff | * | G-4801-CI-0201705237-000<br>**Judge**<br>**JAMES D. BATES** |
| -vs- | * | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**<br>c/o CT Corporation Resident Agent<br>4400 Easton Commons Way<br>Columbus, Ohio 43219 | * | **COMPLAINT WITH JURY DEMAND**<br><br>**ADRAY & GRNA**<br>Daniel H. Grna 0023311<br>P.O. Box 1686<br>Toledo, Ohio 43603<br>(419) 241-2000<br>Fax (419) 241-2148<br>Email: dan@adray-grna.com |
| Defendant | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COUNT ONE

Now comes the plaintiff, **MARC GRANT** (hereafter **GRANT**) and states as follows for his complaint against **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** (hereafter **ALLSTATE VEHICLE**)

(1) At all times material hereto **GRANT** was the owner of the real estate located at 1240 Norwood, Toledo, Ohio 43607 and more particularly described as

Lot number fifty-four (54) in West End Addition in the City of Toledo, Lucas County, Ohio

16-11954)

(2) That said property consisted of an improved lot with building(s).

(3) That at all times material hereto **GRANT** is informed and believes that **ALSTATE VEHICLE** was and is a corporation authorized to do business under the insurance laws of the State of Ohio

(4) That at all times material hereto **ALLSTATE VEHICLE** insured the property and buildings described in paragraph number one against risk of loss due to fire. A copy of said policy is not attached hereto as **GRANT** does not have a certified copy of the same.

(5) That said policy insured the building on the premises for replacement cost in the event of fire

(6) That said policy also insured **GRANT** against risk of loss due to fire to **GRANT's** personal property inside said building

(7) That on January 7, 2017, while **ALLSTATE VEHICLE'S** insurance policy was in full force and effect, the building(s) on the aforementioned property was totally destroyed by fire along with some of **GRANT'S** personal property

(8) That the fire did not occur from any of the causes excluded from coverage under the policy of fire insurance

(9) That under said policy of insurance **ALLSTATE VEHICLE** insured the building(s) for its replacement cost which **ALLSTATE VEHICLE** determined to be $198,619.00

(10) That the actual cash value of the improved real estate at the time of said fire was forty six thousand ($46,000.00) dollars

(11) That the actual cash value of the personal property lost in said fire by **GRANT** was twenty thousand ($20,000.00) dollars

(12) That the cost to demolish and clean up the property after the fire was $8,405.00

(13) That **GRANT** is informed and believes that **ALSTATE VEHICLE'S** policy of insurance does not require mandatory arbitration of the matters described in the complaint.

(14) That **GRANT** does not desire arbitration

(15) That if the policy requires mandatory arbitration then this complaint shall serve as the demand for the same if, and only if, the policy requires mandatory arbitration.

(16) That **GRANT** timely notified **ALLSTATE VEHICLE** of the fire and loss pursuant to the terms of the policy

(17) That **GRANT** provided **ALLSTATE VEHICLE** with a proof of loss within the time prescribed by said policy of insurance.

(18) That **GRANT** has performed all conditions precedent required of him to be performed by the aforementioned policy of insurance

(19) That despite **GRANT'S** repeated demands for payment of his loss and damage **ALLSTATE VEHICLE** has failed and refuses to pay **GRANT** the amount of damage and loss

suffered by him, as heretofore alleged, rejecting his claim and demand for compensation under the policy of insurance

(20) That as a direct and proximate result thereof **GRANT** has been damaged as set forth in the previous paragraphs in an amount in excess of $25,000.00 the exact amount of which must be determined by a jury.

## COUNT TWO

Now comes **GRANT** and states as follows for the second count of his complaint against **ALLSTATE VEHICLE**

(21) **GRANT** incorporates all of the allegations of the first count of this complaint as if the same were specifically rewritten herein

(22) That **ALLSTATE VEHICLE** had a duty to act in good faith in the handling and payment of **GRANT'S** claims

(23) That **ALLSTATE VEHICLE** intentionally, negligently, recklessly and/or carelessly breached this duty of care as its refusal to pay **GRANT'S** claim was not predicated upon circumstances and facts that furnish reasonable justification for its refusal of **GRANT'S** claims.

(24) That as a direct and proximate result of the foregoing **GRANT** has been damaged in an amount in excess of $25,000.00, the exact amount of which must be determined by a jury

## COUNT THREE

Now comes **GRANT** and states as follows for the third count of his complaint against **ALLSTATE VEHICLE**

(25) **GRANT** incorporates all of the allegations of the first two count of this complaint as if the same were specifically rewritten herein

(26) That punitive damages and reasonable attorney fees should be paid by **ALLSTATE VEHICLE** to **GRANT** as **GRANT** is informed and believes that the insurer was motivated by actual malice, fraud or insult in refusing **GRANT'S** claims with all of the foregoing to **GRANT'S** damage in an amount in excess of $25,000.00 the exact amount of which must be determined

**WHEREFORE GRANT** prays as follows:

(A) For judgment against **ALLSTATE VEHICLE** in an amount in excess of $25,000.00 the exact amount of which must be determined by a jury on the first count of the complaint

(B) For judgment against **ALLSTATE VEHICLE** in an amount in excess of $25,000.00 the exact amount of which must be determined by a jury on the second count of the complaint

(C) For punitive damages and a reasonable attorney against **ALLSTATE VEHICLE** in an amount in excess of $25,000.00 the exact amount of which must be determined by a jury on the third count of the complaint

(D) His costs, a reasonable attorney fee and for such other and further relief to which **GRANT** may be entitled.

Daniel H. Grna
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues raised in the complaint and subsequent pleadings filed in this case

Daniel H. Grna
Attorney for Plaintiff

RECEIVED LUCAS COUNTY
01/29/2018 03:28 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK

17-18892 January 22, 2018 JJS/JJB/hp 01
Attorneys for Defendant, Allstate Vehicle and Property Insurance Company

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| MARC GRANT | : | CASE NO. G-4801-CI-0201705237-00 |
| Plaintiff, | : | Judge James D. Bates |
| vs. | : | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | : | **ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT** |
| Defendant. | : | |

Comes now Defendant, Allstate Vehicle and Property Insurance Company, by and through its undersigned counsel, and for its Answer to the Plaintiff's Complaint does hereby state as follows:

## COUNT ONE

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

3. Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that it insured the Plaintiff's property for $198,619, subject to the terms and conditions of the insurance policy, and otherwise denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

13. Defendant admits that the policy of insurance does not require mandatory arbitration, but otherwise denies the allegations contained in Paragraph 13 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint for want of information sufficient to form a belief as to their truth.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

### COUNT TWO

21. Defendant realleges Paragraphs 1 through 20 of this Answer in answer to Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that it had a duty to act in good faith in the handling of Plaintiff's insurance claim, subject to the terms and conditions of the insurance policy.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

### COUNT THREE

25. Defendant realleges Paragraphs 1 through 24 of this Answer in answer to Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

27. The Complaint fails to state a claim upon which relief can be granted.

28. The alleged injuries and damages were caused or contributed to by the actions of third-parties or other circumstances which constitute intervening or superseding causes.

29. Parties or entities needed for just adjudication of the within controversy have not been joined in the Complaint.

30. Indispensable and/or necessary parties have not been joined in the Complaint.

31. The Plaintiff is estopped from presenting the claims in the Complaint.

32. The Plaintiff's fraudulent and/or intentional acts bar the Plaintiff's claims.

33. Plaintiff failed to perform conditions precedent to the effectiveness of the contract.

34. Plaintiff misrepresented material facts pertinent to the claim investigation in violation of the policy terms.

**WHEREFORE**, Defendant, Allstate Vehicle and Property Insurance Company, prays that the Complaint be dismissed at cost to Plaintiff and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ J. Patrick Schomaker, Esq.**
J. Patrick Schomaker, Esq. (0076488)
James J. Birch, Esq. (0092767)
Smith, Rolfes & Skavdahl Company, LPA
600 Vine Street, Suite 2600
Cincinnati, Ohio 45202
Phone: (513) 579-0080
Fax: (513) 579-0222
pschomaker@smithrolfes.com
jbirch@smithrolfes.com
*Attorneys for Defendant, Allstate Vehicle and Property Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Answer was served this 29th day of January, 2018, via electronic mail, upon the following:

Daniel H. Grna, Esq.
Adray & Grna
P.O. Box 1686
Toledo, Ohio 43603
*Attorney for Plaintiff*

**/s/ J. Patrick Schomaker, Esq.**
J. Patrick Schomaker, Esq. (0076488)